WHITNEY E. PETERSON, ESQ., SBN 159630
WHITNEY PETERSON & ASSOCIATES

7724 ROAN ROAD
SAN DIEGO, CALIFORNIA 92129
TELEPHONE (619) 885-5430 - TELECOPIER (858) 538-6069
whitneypetersonlaw@gmail.com

Attorneys for plaintiff VISION QUEST INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION QUEST INDUSTRIES, INC., dba OrthoCare, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ORTHO SYSTEMS, dba Ovation Medical,<br><br>Defendant. | Case No.: **'17CV1395 MMA NLS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION AND DILUTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Vision Quest Industries, Inc., dba VQ OrthoCare, by and through its undersigned attorneys, hereby files this Original Complaint against Defendant Ortho Systems, dba Ovation Medical, and alleges as follows:

## THE PARTIES

1. Plaintiff Vision Quest Industries, Inc. dba VQ OrthoCare (hereinafter "Vision Quest") is a corporation organized and existing under the laws of the State of California and has its principal place of business in California.

2. On information and belief, Defendant Ortho Systems, dba Ovation Medical (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of

---

COMPLAINT

California with its principal place of business at 5155 Clareton Drive, Suite 200, Agoura Hills, California 91301.

3. On information and belief, Defendant may be served with process at the office of its registered agent for service of process: Ira Rosenblatt, Esq., located at 23901 Calabasas Road, Suite 2006 Calabasas California 91302.

## JURISDICTION AND VENUE

4. This is a civil action for (i) infringement of Design Patent **D787,076 S** arising under the Patent Laws of the United States, Title 35, United States Code, § 271 et seq.; (ii) trade dress infringement under § 43(a) of the U.S. Trademark Act of 1946, as amended (the "Lanham Act") 15 U.S.C. § 1125(a); (iii) unfair competition and false designation in violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a) and (iv) dilution under §43(c) of the Lanham Act 15 U.S.C. § 1125(c) . This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, Defendant is a California corporation, has a business office in this Judicial District and has committed acts of patent infringement, trade dress infringement, unfair competition and dilution.

6. For these reasons, venue is proper in this Court under 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

7. Plaintiff Vision Quest was founded in 1989 and is a leading provider of noninvasive medical solutions focused on bone, joint and soft-tissue conditions. Services include the sale and in-home patient fitting of braces and medical devices.

8. On or about April 20, 2015, Vision Quest released its OActive 2 product, a low profile knee brace to assist in the alleviation of osteoarthritic pain. The OActive, 2 was released by Vision Quest after more than two years of research and development and at great expense to Vision Quest. Following its release, the OActive 2 quickly gained success in the market, earning

a reputation with physicians and patients alike for the ease with which it is fitted to an individual patient, the comfort of the fit and for its lightweight and extremely attractive aesthetic. The OActive 2 quickly replaced its predecessor, the OActive, and assumed its position as the flagship product in Vision Quest's product line. Vision Quest spent many years and millions of dollars in the conception, design, manufacture, marketing and sales of its OActive franchise.

9. Vision Quest's OActive 2 product has a distinctive shape and design such that it is recognized in the orthotics industry by prescribers and consumers of osteoarthritis braces.

10. The shape and/or ornamental design of the OActive 2 constitutes trade dress of Vision Quest.

11. The shape and/or ornamental design of Vision Quest's OActive 2 product is nonfunctional.

12. By way of assignment, Vision Quest is the owner of all right, title and interest in and to United States Patent No. D787,076 S (the "'D076 Patent") for an ornamental design entitled "Orthotic Device." The 'D076 Patent was duly issued on May 16, 2017 by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 1. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

13. On information and belief, on or about June 15, 2017, Defendant began marketing and selling a product entitled "The Game Changer, Premium Universal Osteoarthritic Knee Brace" ("The Game Changer"), a low profile knee brace with a shape, design and look that is virtually identical to Vision Quest's OActive 2 product and the embodied ornamental design covered by the 'D076 Patent.

14. On information and belief, the similarity between the two products is so striking that consumers seeing The Game Changer product have been confused thinking that The Game

Changer product was in reality Vision Quest's OActive 2 product. As such, ordinary consumers are likely to be confused as to the source, sponsorship, affiliation or approval relating to The Game Changer Product vis-à-vis Vision Quest and its OActive 2 product.

15. Defendant's The Game Changer product has an overall appearance that is confusingly similar and substantially the same in the eyes of an ordinary observer, in view of the prior art, as the designs claimed in the 'D076 Patent as demonstrated by the side-by-side comparison below:

| **Vision Quest's Patented Design** | **Defendant's The Game Changer Product** |
|---|---|
| FIG. 1 | |

16. Defendant's The Game Changer product has an overall appearance that is confusingly similar and substantially the same as Vision Quest's OActive 2 product, as demonstrated by the side-by-side comparison below:

| **Vision Quest's OActive 2 Product** | **Defendant's The Game Changer Product** |
|---|---|
|  | |

17. On information and belief, Defendant has gained profits by virtue of its sale of The Game Changer product.

–5–

COMPLAINT

18. On information and belief consumers viewing The Game Changer product have confused the Game Changer product with Vision Quest's OActive 2 product.

19. On information and belief, Defendant's infringement has caused Vision Quest to suffer harm, and as such, Vision Quest is entitled to damages.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. D787,076 S**

20. Vision Quest incorporates and re-alleges the allegations of Paragraphs 1 through 19 above as though fully set forth below.

21. Defendant's The Game Changer product falls within the scope of the claim of the 'D076 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, et seq.

22. Defendant has been and is still infringing the 'D076 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Game Changer product as identified in this Complaint, which embodies the design covered by the 'D076 Patent.

23. On information and belief, Defendant's infringement has caused Vision Quest to suffer damages, and as such, Vision Quest is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

24. On information and belief, Defendant has gained profits by virtue of its infringement of the 'D076 Patent. As such, Vision Quest is entitled to Defendant's profits under 35 U.S.C. § 289.

25. On information and belief, Defendant's infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Vision Quest is entitled to increased damages and attorneys' fees.

26. On information and belief, Defendant has caused irreparable damage and harm to Vision Quest by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

**COUNT II**
**INFRINGEMENT OF VISION QUEST'S TRADE DRESS**

27. Vision Quest incorporates and re-alleges the allegations of Paragraphs 1 through 26 above as though fully set forth below.

28. Vision Quest is the owner of the shape and/or ornamental design of the OActive 2 product, which is distinctive in that it has come to be associated with Vision Quest in the minds of consumers.

29. The shape and/or ornamental design of the OActive 2 product is nonfunctional.

30. As such, Vision Quest's OActive 2 product constitutes protectable trade dress pursuant to Section 43(a) of the Lanham Act.

31. The shape, design and look of Defendant's The Game Changer product is the same or similar to Vision Quest's OActive 2 product, and incorporates distinctive features of the OActive 2 product. Therefore, the marketing and sale of Defendant's The Game Changer product constitutes the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Defendant's The Game Changer product or its affiliation, connection or association with Vision Quest's OActive 2 product or Vision Quest's sponsorship or approval of Defendant's The Game Changer product. As such, Defendant's acts constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

32. On information and belief, Defendant's use as described above is deliberate and willful.

33. Defendant's acts of infringement have caused both irreparable harm and monetary damage to Vision Quest, and unless enjoined and restrained, will cause further irreparable harm, leaving Vision Quest with no adequate remedy at law.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

34. Vision Quest repeats and re-alleges the allegations of Paragraphs 1-34 of the Complaint above as though fully set forth below.

35. Defendant's acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendant with Vision Quest or as to the origin, sponsorship, or approval of Defendant's The Game Changer product by Vision Quest in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

36. Upon information and belief, Defendant's acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Vision Quest's OActive 2 product.

37. Defendant's acts of infringement have caused both irreparable harm and monetary damage to Vision Quest, and unless enjoined and restrained, will cause further irreparable harm, leaving Vision Quest with no adequate remedy at law. By the foregoing acts, Defendant has deceived and confused members of the public, and is likely to continue to do so unless restrained and enjoined by this Court.

## COUNT IV
## DILUTION

38. Vision Quest repeats and re-alleges the allegations of Paragraphs 1-37 of the Complaint above as though fully set forth below.

39. The OActive 2 is inherently distinctive and is recognized by the public.

40. Defendant's unauthorized use in commerce of its The Game Changer product has caused and continues to cause dilution of the distinctiveness, duration, extent of use and widespread public recognition of Vison Quest's OActive 2 product.

41. Defendant's unauthorized use of the trade dress of Vision Quest tarnishes and will continue to tarnish the distinctive quality of the Vision Quest's trade dress.

42. On information and belief, Defendant's unauthorized use of the Vision Quest's trade dress is deliberate and willful.

43. The foregoing acts of Defendant constitute trade dress dilution and tarnishment in violation of Section 43(c) of the Lanham Act 15 U.S.C. § 1125(c).

## **PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Vision Quest prays for a judgment against Defendant as follows:

1. For a finding that U.S. Design Patent No. D787,076 S is valid and enforceable;

2. For a finding that Defendant has infringed U.S. Design Patent No. D787,076 S, and that such infringement was willful;

3. For an award of damages to Vision Quest against Defendant for infringement of U.S. Design Patent No. D787,076 S, under 35 U.S.C. § 284;

4. In the event Vision Quest elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Vision Quest to three times the actual damages, pursuant to 35 U.S.C. § 284;

5. An award of damages to Vision Quest against Defendant under 35 U.S.C. § 289 in the amount of Defendant's total profits for infringement of U.S. Design Patent No. D787,076S;

6. For an order that Defendant, its agents, servants officers, directors, employees, affiliates, attorneys, and all those acting in privity, active concert or participation with any of them, and their parents, subsidiaries, divisions, successors and assigns who receive actual notice

of the order and judgement by personal service or otherwise, be enjoined from making, using and selling any product in violation of Vision Quest's Design Patent No. D787,076 S;

7. That this case be deemed as exceptional under 35 U.S.C. § 285 due to the intentional and willful infringement by Defendant, and an award be made to Vision Quest of its attorneys' fees under 35 U.S.C. § 285;

8. A finding that the Defendant's The Game Changer product infringes the trade dress of Vision Quest and is likely to cause confusion, deception, or mistake as to the source of The Game Changer product, or to dilute Vision Quest's trade dress or its distinctive OActive 2 product.

9. For damages for infringing Vision Quest's trade dress, including Defendant's profits for the unauthorized use of Vision's Quest's trade dress and for all damages sustained by Vision Quest on account of Defendant's infringement, dilution and unfair competition and that those damages be trebled pursuant to 15 U.S.C. § 1117.

10. For a finding that this is an exceptional case and an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

11. That Defendant be ordered to pay Vision Quest for damages it has sustained as a consequence of Defendant's unfair competitive acts.

12. That Defendant be ordered to destroy any remaining inventory of infringing or diluting products as well as any and all advertising and promotional materials, displays, marketing materials, web pages and all other data or things relating to The Game Changer product pursuant to 15 U.S.C. § 1118.

13. For an order requiring Defendant to turn over to Vision Quest all tooling and other implements used to manufacture the infringing product.

14. For a permanent injunction pursuant to 15 U.S.C. § 1116.

15. For an award of prejudgment and post-judgment interest and costs of suit to Vision Quest; and

16. Such other and further relief as the Court deems proper and just for Count I - IV of the Original Complaint.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Vision Quest demands a trial by jury on all issues triable by a jury.

DATED: July 10, 2017      WHITNEY PETERSON & ASSOCIATES

By: _s/ Whitney E. Peterson_

Whitney E. Peterson, Esq.
Attorneys for PLAINTIFF, VISION QUEST INDUSTRIES, INC.

# Exhibit 1



US00D787076S

## (12) United States Design Patent
Siddiqui et al.

(10) Patent No.: **US D787,076 S**
(45) Date of Patent: ** **May 16, 2017**

(54) **ORTHOTIC DEVICE**

(71) Applicant: **VISION QUEST INDUSTRIES INCORPORATED**, Irvine, CA (US)

(72) Inventors: **Masood Siddiqui**, Irvine, CA (US); **Michael S. Skahan**, Ramona, CA (US); **Kevin R. Lunau**, Valley Center, CA (US)

(73) Assignee: **VISION QUEST INDUSTRIES INCORPORATED**, Irvine, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/524,253**

(22) Filed: **Apr. 17, 2015**

(51) **LOC (10) Cl.** ............................................. **24-04**
(52) **U.S. Cl.**
USPC ........................................ **D24/190**
(58) **Field of Classification Search**
USPC .............................. D24/190, 192; D29/121.1
CPC .................. A61F 5/0123; A61F 5/0125; A61F 2005/0139; A61F 2005/0176
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,005,506 A | 2/1977 | Moore | |
| 4,830,413 A | 5/1989 | Bisbing | |
| 5,226,875 A * | 7/1993 | Johnson | A61F 5/0111 36/114 |
| 5,277,698 A | 1/1994 | Taylor | |
| 5,356,370 A | 10/1994 | Fleming | |
| 5,662,596 A * | 9/1997 | Young | A61F 5/0123 602/16 |
| 5,836,902 A * | 11/1998 | Gray | A61F 5/0111 128/882 |
| D473,654 S * | 4/2003 | Iglesias | D24/192 |
| 6,971,996 B2 * | 12/2005 | Houser | A61F 5/0123 128/882 |
| D527,825 S | 9/2006 | Ingimundarson | |
| D529,180 S | 9/2006 | Ingimundarson | |
| 7,117,569 B2 * | 10/2006 | Bledsoe | A41F 1/008 24/593.11 |
| D558,884 S * | 1/2008 | Ingimundarson | D24/190 |
| D577,828 S * | 9/2008 | Ingimundarson | D24/190 |
| 7,481,785 B2 * | 1/2009 | Turrini | A61F 5/0123 128/869 |
| 7,500,957 B2 | 3/2009 | Bledsoe | |
| 7,758,527 B2 * | 7/2010 | Gilmour | A61F 5/0106 602/23 |
| 7,867,183 B2 * | 1/2011 | Kazmierczak | A61F 5/0123 602/23 |
| D665,505 S * | 8/2012 | Lee | D24/190 |
| 8,241,234 B2 | 8/2012 | Ingimundarson et al. | |
| 8,257,293 B2 | 9/2012 | Ingimundarson et al. | |

(Continued)

*Primary Examiner* — George D Kirschbaum
*Assistant Examiner* — Jennifer Watkins
(74) *Attorney, Agent, or Firm* — Lawrence N. Ginsberg

(57) **CLAIM**

The ornamental design for an orthotic device, as shown and described.

**DESCRIPTION**

FIG. **1** is a top perspective view of an orthotic device, showing our new design;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a right side elevational view thereof;
FIG. **5** is a left side elevational view thereof;
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.
The broken line illustrating fasteners attached to the front of the article is for the purpose of illustrating environment and forms no part of the claim. The broken line showing of an orthotic device is for the purpose of illustrating portions of the article and forms no part of the claim.

**1 Claim, 6 Drawing Sheets**




(56)     **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 8,740,829 B2 * | 6/2014 | Lee | 602/16 |
| D744,111 S * | 11/2015 | Dunn | D24/192 |
| 2007/0213648 A1 * | 9/2007 | Ferrigolo | A61F 5/0123 |
| | | | 602/26 |
| 2009/0287128 A1 * | 11/2009 | Ingimundarson | A61F 5/0111 |
| | | | 602/27 |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7