# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION QUEST INDUSTRIES, INC. d/b/a OrthoCare,<br><br>Plaintiff,<br><br>v.<br><br>ORTHO SYSTEMS d/b/a Ovation Medical,<br><br>Defendant. | Case No.: 17-CV-1395-CAB-NLS<br><br>**ORDER RE MOTION TO DISMISS**<br><br>[Doc. No. 10] |

Defendant Ortho Systems d/b/a Ovation Medical ("OM") has filed a motion to dismiss the second through fourth claims in the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Vision Quest Industries ("VQ") does not oppose the motion with respect to claim 3 for federal unfair competition and false designation of origin and claim 4 for dilution. Accordingly the motion is granted with respect to claims 3 and 4 and those claims are dismissed without prejudice. VQ opposes the motion with respect to claim 2 for trade dress infringement. The motion as been fully briefed and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is denied with respect to claim 2.

## I. Allegations in the FAC

VQ is the owner of United States Patent No. D787,076 S (the "'D076 Patent") for an ornamental design entitled "Orthotic Device," and sells a low profile knee brace related to that patent called the OActive 2. [Doc. No. 1 at ¶¶ 8, 12.] The OActive 2 "has a distinctive shape and design such that it is recognized in the orthotics industry by prescribers and consumers of osteoarthritis braces." [*Id.* at ¶ 9.] According to the complaint, "[t]he shape and/or ornamental design of [VQ's] OActive 2 product is nonfunctional." [*Id.* at ¶ 11.] The complaint also alleges that "the shape and/or ornamental design of the OActive 2 product . . . is distinctive in that it has come to be associated with Vision Quest in the minds of consumers." [*Id.* at ¶ 28.]

On June 15, 2017, OM began marketing and selling a product called "The Game Changer, Premium Universal Osteoarthritic Knee Brace" (the "Game Changer"). [*Id.* at ¶ 13.] The Game Changer is a "low profile knee brace with a shape, design and look that is virtually identical to [the OActive 2] and the embodied ornamental design covered by the 'D076 Patent." [*Id.* at ¶ 13.] The complaint alleges that the "shape, design and look of Defendant's The Game Changer product is the same or similar to [VQ's] OActive 2 product, and incorporates distinctive features of the OActive 2 product," and that the "Game Changer product has an overall appearance that is confusingly similar and substantially the same as Vision Quest's OActive 2 product." [*Id.* at ¶¶ 16, 31.] The complaint also includes the following side-by-side comparison of the Game Changer to the OActive 2:

| **OActive 2** | **Game Changer**[1] |
|---|---|
|  | |

Based on these allegations, the complaint asserts a claim for infringement of the 'D787 Patent that is not at issue in the instant motion. In addition, the complaint asserts claims for trade dress infringement, federal unfair competition and false designation, and dilution. As discussed above, VQ contests dismissal of the trade dress infringement claim but does not oppose dismissal of the unfair competition and dilution claims.

**II.     Legal Standards**

The familiar standards apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations

---

[1] The photo of the Game Changer did not have a black background in the complaint. The background appeared when the Court pasted the photo into this opinion.

3

that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III. Discussion

"Trade dress refers to the overall appearance of the product design, rather than its mechanics or a specific logo." *Glob. Mfg. Grp., LLC v. Gadget Universe.Com*, 417 F. Supp. 2d 1161, 1164 (S.D. Cal. 2006) (citing *Wal–Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 209–10 (2000)). To state a claim for trade dress infringement under section 43(a) of the Lanham Act, a plaintiff must allege: "(1) that its claimed trade dress is nonfunctional; (2) that its claimed trade dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (citing *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998)).

Here, the complaint alleges that OActive 2's design is nonfunctional and "distinctive in that it has come to be associated with Vision Quest in the minds of consumers." The complaint also alleges that the Game Changer is confusingly similar to OActive 2, and includes photographs comparing OActive 2 with the Game Changer. OM takes issue with these allegations, but its motion reads more like a motion for summary judgment than a motion to dismiss, arguing essentially that VQ cannot prove that the Game Changer infringes VQ's trade dress because OActive 2's design is functional and has not acquired secondary meaning. OM may very well be correct, but these arguments are more appropriate for summary judgment or a jury. At this stage, although the complaint is austere and somewhat conclusory, upon consideration of the allegations along with the photographs, the Court is satisfied that it gives OM "fair notice of what the [trade dress

infringement] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal ellipses and citation omitted); *see generally Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SACV150246DOCDFMX, 2016 WL 6138416, at *3 (C.D. Cal. May 6, 2016) ("An image of the trade dress and of the allegedly infringing marks greatly assists courts in clarifying what design or mark a plaintiff seeks to protect."); *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 737 (N.D. Ill. 2011) (noting that although the allegations in the complaint were "somewhat conclusory," they were "sufficient to put Defendants on notice as to what [the plaintiff believes is protected]" when viewed in connection with "attached photographs of products allegedly exhibiting its protectable trade dress"). OM will be able to obtain more information about the specifics of VQ's trade dress infringement claim through discovery.

### IV. Conclusion

In light of the foregoing, it is hereby **ORDERED** that OM's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to claim 3 for unfair competition and false designation of origin and claim 4 for dilution. Claims 3 and 4 are therefore **DISMISSED WITHOUT PREJUDICE**. The motion is denied with respect to claim 2 for trade dress infringement.

It is **SO ORDERED**.

Dated: September 20, 2017

Hon. Cathy Ann Bencivengo
United States District Judge