UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION QUEST INDUSTRIES, INC. d/b/a OrthoCare,<br><br>Plaintiff,<br><br>v.<br><br>ORTHO SYSTEMS d/b/a Ovation Medical,<br><br>Defendant.<br><br>ORTHO SYSTEMS, d/b/a Ovation Medical,<br><br>Counterclaimant,<br><br>v.<br><br>VISION QUEST INDUSTRIES, INC. d/b/a OrthoCare, a California corporation,<br><br>Counter-defendant. | Case No.: 17cv1395-CAB (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER [ECF No. 42]**<br><br>**AND**<br><br>**PROTECTIVE ORDER, <u>AS MODIFIED BY THE COURT</u> (SEE SECTIONS 16, 18, 27, 29 & 34)** |

///

///

Having reviewed the parties' Joint Motion for Entry of Protective Order governing discovery in this matter and found good cause therefore, the Court hereby **GRANTS** the joint motion and enters the following protective order, **as modified by the Court** (see Sections 16, 18, 27, 29 and 34):

The Court recognizes that at least some of the documents, electronic data, and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties and third parties producing information pursuant to subpoenas. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, design, technical, cost, price, marketing, or other confidential or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation.

NOW, THEREFORE:

## **DEFINITIONS**

1. The term "Confidential Information" will mean and include information disclosed, to be disclosed in, or contained in any Materials during this litigation including, without limitation, documents irrespective of format, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including the data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that is deemed and meets the designation requirements of "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" as set out in paragraph 6, below.

2. The term "Materials" will include, but is not limited to: documents; correspondence; e-mails; memoranda; bulletins; blueprints; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or

other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

    3. The term "Counsel" shall mean the law firms designated below, including attorneys, paralegals, secretaries, and other support staff employed by said law firms:

    Whitney Peterson & Associates; and

    Arent Fox LLP.

    4. The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by an Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a party.

    5. The term "Professional Vendors" will mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## **GENERAL RULES**

    6. Each party to this litigation, or any third party, that produces or discloses any Confidential Information and/or Materials, or any other information or Materials that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY." The producing party shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" to each page that contains protected material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

    a. Designation as "CONFIDENTIAL": Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its Attorney, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL – COUNSEL'S EYES ONLY": Any party may use the "CONFIDENTIAL – COUNSEL'S EYES ONLY" designation only if, in the good faith belief of such party and its Counsel, such information and/or Materials is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials.

7. In the event the producing party elects to produce Materials for initial inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – COUNSEL'S EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" designation.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the

proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL –COUNSEL'S EYES ONLY."

   b. The disclosing party will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" designated Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 14 below;

   c. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Information so that the other parties can ensure that only authorized individuals who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) are present at those proceedings during such time Confidential Information is to be disclosed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY"; and

   d. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

///

9. Any written materials, including without limitation documents, briefs, interrogatory responses, and responses to requests for admission, but excluding deposition or other pretrial or trial testimony, that have been inadvertently produced without identification as to their confidential nature as provided above may be so designated by the designating party, within a reasonable time following the discovery that the document or information has been produced without such designation by written notice to counsel for the party receiving the material to be designated, and that party thereafter shall mark those materials with the appropriate legend. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. All Confidential Information designated "CONFIDENTIAL –COUNSEL'S EYES ONLY" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party, the Court, Independent Experts (as defined in paragraph 4), and Professional Vendors (as defined in paragraph 5), unless otherwise agreed to by the designating party or ordered by the Court. The right of any Independent Expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent Expert must provide the producing party with the name and curriculum vitae of the proposed Independent Expert, and an executed copy of the form attached

hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within twenty-four (24) hours following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an Independent Expert if the twenty-four (24) hour period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within twenty-four (24) hours following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the twenty-four (24) hour period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld. For avoidance of doubt, Confidential Information designated "CONFIDENTIAL – COUNSEL'S EYES ONLY" may not be viewed by the parties, unless otherwise agreed to by the designating party or ordered by the Court.

12. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by Independent Experts (as defined in paragraph 4), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a. Executives, directors, and officers who are required to participate in policy decisions with reference to this action;

   b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

   c. Professional Vendors (as defined in paragraph 5); and

   d. Stenographic and clerical employees associated with the individuals identified above.

13. In addition to the individuals referenced in paragraphs 12 above, all Confidential Information designated "CONFIDENTIAL – COUNSEL'S EYES ONLY" or "CONFIDENTIAL" may also be viewable by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action as well as mock jurors, provided, however, that any such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as Exhibit A in advance of access.

14. With respect to all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document (including those individuals carbon copied and/or blind copied), may be shown the same.

15. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information and/or Material, must be retained in the custody of Counsel for the receiving party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

16. Before any Materials such as those produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal. **Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or**

**proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.**

17. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application (or otherwise follow chambers rules), to notify the judge's staff that an opposition to the application will be filed.

18. At any stage of these proceedings, any party may object to the "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" designation of any Confidential Information. The party objecting to any such designation must notify, in writing, Counsel for the designating party of its objection to the designation of such Confidential Information and the grounds for the objection **within 30 days of the challenging party's receipt of the materials at issue**. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, **the parties shall file a joint motion for determination of discovery dispute, as outlined in this Court's Chambers Rules, no later than 45 days after the challenging party's receipt of the designated material in issue.** The Confidential Information at issue must be treated according to the designation of the designating party until the Court has ruled on the objection or the matter has been otherwise resolved. The burden of persuasion in any such challenge proceeding shall be on the designating party.

19. All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20. No party will be responsible for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

21. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat such designated Confidential Information in accordance with this Order, once the designating party so notifies the receiving party. If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, and the receiving party will make every effort to prevent further disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information. Counsel for the parties have agreed on the following mutually acceptable manner of labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY".

22. If information subject to a claim of attorney-client privilege, work product and/or any other privilege is inadvertently produced to a party at any time during the course of this case, such production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the Producing Party would otherwise be entitled. Pursuant to Fed. R. Evid. 502(d) and (e), to the fullest extent permitted by law, the Court orders that the attorney-client privilege or work-product protection shall not be waived by disclosure connected with the litigation, in any proceeding, state or federal, by any party or any other person making disclosure in this case.

23. Development Bar: Unless otherwise permitted in writing between the producing party and a receiving party, any Independent Expert retained on behalf of receiving party who is to be given access to the producing party's Confidential Information designated "CONFIDENTIAL – COUNSEL'S EYES ONLY" as authorized under this Order must agree in writing not to perform research development work or product development work directly or indirectly intended for commercial purposes substantially related to such designated Confidential Information.

24. Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product, or subject to any other applicable privilege.

25. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

26. This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order

11

17cv1395-CAB (NLS)

must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

27. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court or by law enforcement agency **[]**.

28. Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Materials, or devices outside of the United States.

29. Final Disposition:

    a. "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice or (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    b. Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party authorized by this Order shall destroy such Confidential Information. Further, by the 60-day deadline, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) that (1) identifies (by category, where appropriate) all the Confidential Information that was destroyed and (2) affirms that the receiving party has not retained any of the Confidential Information.

    c. Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this

Order as set forth herein. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs.

30. The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

31. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

32. Transmission by facsimile and electronic mail is acceptable for all notification purposes within this Order.

33. This Order may be modified by written agreement of the parties, subject to approval by the Court.

34. The Court may modify the terms and conditions of this Order for good cause, in the interest of justice, **for public policy reasons**, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

35. Without separate court order, this Order and the parties' stipulation do not change, amend or circumvent any court rule or local rule.

36. Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs. Any Final Disposition of this action

13

17cv1395-CAB (NLS)

as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court. The parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

**IT IS SO ORDERED.**

Dated: November 28, 2017

Hon. Nita L. Stormes
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION QUEST INDUSTRIES, INC. d/b/a OrthoCare,<br><br>Plaintiff,<br><br>v.<br><br>ORTHO SYSTEMS d/b/a Ovation Medical,<br><br>Defendant.<br><br>ORTHO SYSTEMS, d/b/a Ovation Medical,<br><br>Counterclaimant,<br><br>v.<br><br>VISION QUEST INDUSTRIES, INC. d/b/a OrthoCare, a California corporation,<br><br>Counter-defendant. | Case No.: 17cv1395-CAB (NLS)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

    1.    I am employed as _____ by _____.

    2.    I have read the Protective Order entered in Vision Quest Industries, Inc., dba VQ OrthoCare v. Ortho Systems, dba Ovation Medical, Case No. 13:17-cv-01395-CAB-

NLS, and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" information with anyone other than the persons described in paragraphs 3, 4, 5, 11, 12 and 13 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL'S EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Signed: _____